PER CURIAM:
Claimants brought this action for damage to their chain link fence which occurred when respondent plowed snow on State Route 10/1 in Martinsburg, Berkeley County, onto claimant’s chain link fence knocking it to the ground. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred sometime in late January 2003 at or near claimants’ property located adjacent to State Route 10/1 also referred to as Tavern Road in Martinsburg, Berkeley County. State Route 10/1 is a winding, two-lane road which traverses in front of claimants’ property and leads to the City Hospital in Martinsburg. The lanes on State Route 10/1 are each approximately twelve feet wide in most locations. The travel portion of the road from white line to white line is approximately twenty-four feet wide. Claimants had an eighty-five to one-hundred foot long chain link fence adj acent to the road. Mr. Stephens estimated that the fence was four *51 feet from the white edge line of the road. Further, he stated that respondent has taken more of his property during the past few years and that there used to be five feet between the fence and the white edge line of the road. In late January, 2003, a large portion of the State was covered by a significant snowstorm. According to Mr. Stephens, the area around claimants’ property received approximately thirty-two to thirty-eight inches of snow within one and one-half to two days. As a result, State Route 10/1 was covered with snow. Respondent used a one-ton truck with a snowplow to clear the road. Mr. Stephens testified that most of the snow that was plowed off the road in front of his property was piled up next to and over his chain link fence completely knocking it to the ground. He estimates that respondent plowed fifty inches of snow onto his fence. As a result, claimants had to purchase and install five temporary fence posts to support the fence so that it could stand again. Mr. Stephens testified that it will cost them $478.00 to have a new fence installed. Thus, claimants seek an award of $478.00.
Claimants assert that respondent negligently plowed a large amount of snow onto their property which proximately caused the damage to their fence.
Respondent contends that it acted reasonably under the circumstances then and there existing and it is not liable for the damage to claimants’ fence.
Mark Baker, assistant county supervisor for respondent in Berkeley County at the time of this incident, is responsible for daily operations of the field crews. He was responsible for the crew that plowed the snow on State Route 10/1 on the date at issue and he is familiar with this road. He testified that State Route 10/1 proceeds from the City Hospital past claimants’ property and intersects with County Route 13 and County Route 45. Mr. Baker testified that the weather conditions on the dates at issue resulted in treacherous road conditions. He stated that the Martinsburg and surrounding area received thirty-six inches of snow within one and one-half to two days. According to Mr. Baker, the Governor declared a state of emergency throughout most of West Virginia including Berkeley County. In addition, respondent was on “Code Red”, which provides that only respondent’s vehicles and emergency vehicles may use the highways. This allows respondent to clear the roads more efficiently. M. Baker testified that a one ton truck with a snowplow was used to clear State Route 10/1. He estimated that in a twenty-four hour period respondent probably plowed the road in front of claimant’s property once every two to two and one-half hours. Although State Route 10/1 is a low priority road inmost locations, Mr. Baker stated that respondent keeps the portion near claimants’ property cleared because it is the access route to the City Hospital. In addition, Mr. Baker rejected claimants’ argument that respondent plowed the snow only to the side of the road where claimants’ property was located. He testified that the plow track operators are instructed to plow on the center line. He stated that “when we turn and come back we would plow the other side.” He testified that respondent does not plow snow completely across the road to the other side because this can obstruct traffic. Further, Mr. Baker testified that respondent did not use a bucket to remove the snow at this location because it has only two such machines, one of which is needed at the headquarters to load salt trucks, while the other is used to haul snow in locations where the snowplow cannot reach such as large snow drifts.
W.Va. Code §15-5-11 grants immunity and exemption to a “duly qualified emergency service worker.” W.Va. Code § 15-5-11(a) states in part that:
...Neither the State nor any political subdivision nor agency of the State or political subdivision nor, except in case of willful misconduct, any duly qualified emergency service worker complying with or reasonably attempting to comply with this article or any order, rule, regulation or *52 ordinance promulgated pursuant to this article, shall be liable for the death of or injury to any person or for damage to any property as a result of such activity....
W.Va. Code §15-5-11(c)(1) defines a “duly qualified emergency service worker” in part as:
Any duly qualified full or part-time paid, volunteer or auxiliary employee of this State... performing emergency services in this State subject to the order or control of or pursuant to the request of the State or any political subdivision thereof.
In this claim, the Court is of the opinion that W.Va. Code §15-5-11 bars claimants from any recovery due to the fact that employees of the respondent were operating as duly qualified emergency service workers under emergency circumstances. The Governor had declared a state of emergency and respondent was operating under “Code Red” to clear the roads and highways of snow and ice. Further, respondent was attempting to keep Route 10/1 clear of snow so as to allow the public access to the local hospital. Respondent did not willfully cause damage to claimants’ chain link fence; therefore, under the statute, respondent is not liable for the damage to claimants’ property. While sympathetic to claimants’ loss, the Court is required to deny recovery in this claim.
Accordingly, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.